UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  CASE NO. 19-51062
360 INTERNATIONAL, INC.
           Debtor  CHAPTER 11

JUDGE KOLWE

∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙

**COMBINATION DISCLOSURE STATEMENT AND PLAN
OF REORGANIZATION OF 360 INTERNATIONAL, INC. ("Debtor")
DATED NOVEMBER 7, 2019**

ARTICLE I
SUMMARY

THIS COMBINATION DISCLOSURE STATEMENT AND PLAN HAS BEEN FILED AND IS INTENDED TO PROVIDE ADEQUATE INFORMATION UNDER 11 U.S.C. §1125(f)(1). PRELIMINARILY APPROVED BY THE BANKRUPTCY COURT AS ALLOWED BY Rule 3016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE. ACCEPTANCE OR REJECTION OF THE PLAN IS PERMITTED. THIS DOCUMENT IS BEING SUBMITTED FOR FINAL APPROVAL BY THE BANKRUPTCY COURT AFTER NOTICE AND HEARING. THERE WILL BE A HEARING ON THIS COMBINATION DISCLOSURE STATEMENT AND PLAN ON _____. THE LAST DATE FOR OBJECTIONS TO THIS COMBINATION DISCLOSURE STATEMENT AND PLAN IS _____.

**I. REQUEST PURSUANT TO RULE 3016(b)**

     Rule 3016(b) provides: "(b) DISCLOSURE STATEMENT. In a chapter 9 or 11 case, a disclosure statement under 11 U.S.C.[1] §1125 of the Code or evidence showing compliance with §1126(b) shall be filed with the plan or within a time fixed by the court, unless the plan is intended to provide adequate information under §1125(f)(1). If the plan is intended to provide adequate information under §1125(f)(1), it shall be so designated and Rule 3017.1 shall apply as if the plan is a disclosure statement." The Debtor hereby designates this Combination Disclosure Statement and Plan of Reorganization as intending to provide adequate information under 11 U.S.C. §1125(f) therefore Rule 3017.1 applies.

---

[1] References to sections of title 11 of the United States Code are references to the Bankruptcy Code. Title 11 is called the "Bankruptcy Code".

1

The proponent of this Plan, the debtor through its two shareholders, suggests that all creditors and parties in interests' rights are preserved and the opportunity to object to this Plan is preserved. The preliminary approval of this Combination Disclosure Statement and Plan and the application of Rule 3016(b), and by extension 3017.1, will save the debtor in possession and its creditors considerable time and expense.

## BACKGROUND

The primary function of this Combination Disclosure Statement and Plan is to describe the plan of the Debtor to distribute all funds and proceeds to creditors as required by the Bankruptcy Code. The Bankruptcy Code is embodied in 11 U.S.C. §101 *et seq* and the law dealing with debt modification, restructuring, debtor and creditor rights thereunder.

The debtor is a small closely held corporation solely owned by Jonathan Mann and Jose Diz. It is in good standing with the State of Louisiana. The debtor has one location which is a retail establishment located at 220 Crip Lane Duson, LA 70529-4011.

The two shareholders/insiders are paid as follows: Jonathan Mann, President, Bimonthly rate of $3,250, plus health insurance ($1,075.31 per month), plus the use of the 2014 Buick Enclave; plus home security in the amount of $562.50 per year, and Jose Diz, II, Vice-President, Bimonthly rate of $3,250, plus health insurance ($1,812.72 per month), plus the use of the 2014 Chevy 2500 Duramax, plus home security in the amount of $562.50 per year.

The debtor is a service company which provides packaging services relative to generators, motor control centers, and other types of equipment germane to oil and gas production oil production industry. It has 2 employees who are the shareholders.

On September 17, 2019, (the "Petition Date"), the debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. No committees have been appointed or constituted nor has a trustee been appointed. This case has never been converted to a case under another chapter of Title 11.

Insurance is in place on the property. All Property taxes due are paid.

The Debtor filed chapter 11 because a large account was not paid. The Debtor is involved in litigation in the matter *360 International, Inc. v. GoMex Energy Services, Ltd.*, currently pending as docket no. 4:19-cv-02369, SDTX – Houston Div. ("GoMex Matter") in the United States District Court for the Southern District of Texas, which has as its goal the collection of the account. The Debtor claims it is owed approximately $2.8 million. Presently there is pending in the GoMex Matter a motion to transfer that case to the Western District of Louisiana, Lafayette Division and then to this Court. The Debtor contends that if it collects this account, or reaches a compromise for an agreeable sum, that it can easily emerge from chapter 11.

An additional challenge faced by the Debtor is the drop in the price of oil. Currently the crude price appears to have stabilized somewhat.

2

The Debtor is acquiring new work and has been able to generate some income. Debtor is currently pursuing three (3) projects valued at approximately $3,075,000.00 gross sales. Two (2) of these projects are currently on the fast track with customers.

The Debtor needs operating capital from time to time. M-Squared Products & Services, Inc. was willing to extend credit to the Debtor as needed without any security, collateral, or priority. Further, M-Squared agreed to subordinate any loans or advances to the Debtor to allowed general unsecured claims, priority claims, and administrative claims. There is no written credit agreement as contemplated by Rule 4001(c)(1)(A) and M-Squared does not require one nor does the Debtor. Without this extension of credit, the Debtor will not be able to pay operating expenses timely. M-Squared is wholly owned by Jon Mann who also owns 50% of the Debtor.

The Debtor is plaintiff in the matter *360 International, Inc. v. GoMex Energy Services, Ltd.*, Docket No. 4:19-cv-02369, SDTX – Houston Div. ("GoMex Matter"). The proceeding is a civil action arising under 28 U.S.C. §§1331, 1332, the Outer Continental Shelf Lands Act (43 U.S.C. §1349(b)(1), Article III of the constitution of the United States, and the jurisprudence decided thereunder.

As earlier stated, the Debtor filed a motion to have the venue of the GoMex Matter changed to the Western District of Louisiana District Court and from there to be referred to this Court. As of the date of this Combination Disclosure Statement and Plan the District Court in Houston had not ruled on Debtor's motion to change venue.

## II. GENERAL PREMISE OF PLAN

The Debtor has great confidence that the outcome of the GoMex Matter will provide sufficient funds to pay all creditors in this case in full. It intends to litigate the GoMex matter to judgment or, should an acceptable offer be made by the defendant GoMex then the Debtor will settle the matter.

In the event that the Debtor is unsuccessful in the GoMex Matter it will pay unsecured creditors *pro rate* 40% of the amount of their allowed claim over ten (10) years in monthly installment of $6,818.95.

## BAR DATE

The Claims Bar Date is November 8, 2019. Claims must have been filed with the Clerk of the Bankruptcy Court, John M. Shaw United States Courthouse, 800 Lafayette St., Suite 1200, Lafayette, Louisiana, 70501 by that date. If your claim as listed by the Debtor is correct or you agree with how your claim is listed, you need not file a proof of claim. However, if your claim is listed as disputed, not listed, otherwise disputed, or if you disagree with how your claim is scheduled by the Debtor you must have filed a proof of claim or your claim will not be paid and your claim will be forever barred.

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.  The allowed secured claim of general unsecured creditors.

2.02   Class 2. The allowed claims of priority wage claims

2.03   Class 3. The allowed claims of equity.


# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE
# CLAIMS AND U.S. TRUSTEES FEES

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are unclassified claims. There are no priority claims or priority tax claims. The United States Internal Revenue Service ("IRS") filed a claim for $-0-.

3 .02   (a) General Administrative nonprofessional claims. Unless an Entity entitled to payment  pursuant to sections 546(c) or 553 of the Bankruptcy Code, and an Entity entitled to payment of administrative expenses pursuant to sections 503 and 507(a) of the Bankruptcy Code files a request for payment prior to the **date first set for the hearing on confirmation of this** Combination Disclosure Statement, it shall not receive any payment from the Reorganized Debtor, on account of such Allowed Administrative Expense Claim and such claims will be forever barred and any allowed claims in this category shall only be paid after payment of professional fees of the debtor. An Allowed Administrative Expense Claim representing a liability incurred in the ordinary course of business of the Debtor shall be paid by the Debtor or the Reorganized Debtor in the ordinary course of business and **shall not** be required to file a request for payment as otherwise required herein. **Except for fees of professionals, unless an order is entered allowing a pre-petition administrative claim under 11 U.S.C. 503(b)(9)   those claims will not be paid under this section but will be treated as general unsecured claims if they have otherwise timely filed a proof of claim.**

Fees of Professional and fees due the United States Trustee shall be paid in preference and priority to all other administrative costs and shall be paid in full prior to any distribution to General Administrative Claims.

(b) Allowed Professional Fee Claims Against the Debtor.  Any fees due the United States Trustee will be paid in full prior to the **Effective Date.** Within 15 days of the **Effective Date** or as soon as the order awarding Final Compensation is signed, except as otherwise provided herein, each holder of an Allowed Professional Fee Claim shall receive from the Reorganized Debtor or such responsible Third Party, on account of such Allowed Professional Fee Claim, cash in the amount of such Allowed Professional Fee Claim. The **Effective Date** is the first business day after the order confirming the Plan becomes final and not stayed unless otherwise agreed to by the Debtor and the Claimant.   This class will be paid before any other class is paid including non-professional general administrative claims.

4

3.03  <u>Priority Tax Claims</u>. Any entity having an allowed claim in this class will be paid consistent with §1129(a)(9)(C) of the Bankruptcy Code or will be paid in full in monthly installments within 60 months reckoning from the Petition Date. The IRS filed a claim for $-0-.

3.04  <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed will be paid as provided by applicable law and any fees due will be paid at or before the Effective Date.

3.05  <u>Priority Wage Claims.</u> Jon Mann and Jose Diz, the two shareholders of the Debtor, hold unpaid loan claims in the amount of $30,633.19 per shareholder, and $19,500.00 unpaid wages to Jon Mann. In addition $1,164.30 is owed Jose Diz for business reimbursement and Jon Mann is owed $765.52 for business reimbursement of that amount $13,650 is priority and the balance is general unsecured and will not be paid until after other allowed unsecured claims are paid as provided by this Plan.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|---|---|
| Class 1- Allowed General Unsecured Claims | These claims will be paid in full from the proceeds of the GoMex Matter. If the prosecution of the GoMex Matter does not result in any funds being paid to the Debtor or if insufficient funds are recovered from which to pay claims in full then the proceeds of the GoMex Matter, minus costs of litigation, costs of this chapter 11 case, and attorney fees, will be paid to this class. Any balance will be paid over 10 years in monthly installments bearing 2% interest per annum. In the event the Debtor recovers nothing in the GoMex Matter then these claims will be paid 40% of their claims *pro rata* and in full over 6 years in monthly installments of $6,818.95, which is $741,082.00 bearing interest of 2% per annum. |
| Class 2 – Priority wage claims of Jon Mann and Jose Diz, III. | These claims are in the amount of $13,650 each and will be paid in monthly installments over 24 months with no interest. The remainder will be general unsecured claims and not paid until all |

| | |
|---|---|
| | distributions are made under this Plan. |
| Class 3 – Equity or partners of the Debtor or Reorganized Debtor | This class will not receive any distributions or payments under the Plan unless all senior allowed claims are either paid in full or satisfied as described immediately above, except for the priority wage claims. |
| | |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure if that settlement is pre-confirmation. After the confirmation order is final the Debtor may settle or compromise any claim or cause of action of any character without application to the Court or notice and hearing.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII, or the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| NONE | |

(b)   The Debtor will be conclusively deemed to reject all executory contracts and unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  The Debtor reserves the right to challenge, post-petition, any breaches of any executory contract or unexpired lease accepted in this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

7.00 The Debtor will continue to operate. It will prosecute any claims, causes of action, and matters in litigation including avoidance actions under Chapter 5 of the Bankruptcy Code if any and at this time the Debtor knows of no chapter 5 claims or causes of action. The GoMex Matter will continue to be prosecuted.

7.01 Payment of the fees of professionals and the United States Trustee will be paid in preference and priority to all other administrative claims. Administrative claims arising from post-petition trade debt shall be paid according to the ordinary business or payment terms agreed to and in place between the Reorganized Debtor and the trade creditor.

7.02 Jon Mann, Jose Diz, III will continue to manage the Reorganized Debtor. They or their designee will act as the Disbursing Agent to disburse all funds disbursed under the Plan. They will serve without any compensation except as provided above.

7.03 The Debtor has not identified any priority claims, except the wage claims of Mann and Diz, however if any exist that arise from a tax owed by the Debtor then those claims will be paid before the expiration of 60 days reckoning from the Effective Date.

7.04 Any fees due the United States Trustee will be paid as provided by applicable law.

# ARTICLE VIII
# GENERAL PROVISIONS AND DEFINITIONS

8.00 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.01 360 International, Inc., the Debtor, of which Jon Mann and Jose Diz are the sole shareholders each owning 50% of the outstanding shares.

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the 15th day following the date that the order confirming this Plan is signed and docketed on the docket of the Bankruptcy Court. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Louisiana govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07  Plan Supplement and Modification to Plan.  The Debtor may supplement or modify this Plan or file a Plan Supplement and any Supplement shall be deemed a part of this Plan. Any modification, even if immaterial, and the Plan as amended will be the Plan.

8.07A. Prior Votes on Modification. A Claimant that has accepted or rejected the Plan will be deemed to have either accepted or rejected the Plan as modified or amended, as the case may be, even if the modifications or amendments are made after the solicitation of votes of acceptance or rejection of the Plan, unless the Bankruptcy Court orders that such Claimant may change its previous vote within a time established by the Bankruptcy Court for such change to be made.

8.08  Revocation or Withdrawal of the Plan.

(a) The Debtor may revoke or withdraw the Plan prior to the Effective Date.

(b) If the Plan is revoked or withdrawn prior to the Effective Date, or the Effective Date does not occur because the conditions precedent thereto have not been satisfied, then the Plan shall be deemed null and void. In such event, (i) the Debtor and all holders of Claims and Equity Interests shall be restored to the *status quo ante* as of the day immediately preceding the confirmation of the Plan, and (ii) all the Debtor's respective obligations with respect to the Claims and Equity Interests shall remain unchanged, all of the Debtor's rights against all Persons shall be fully preserved and nothing contained herein or in the Disclosure Statement shall be deemed an admission or statement against interest or to constitute a waiver or release of any claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor or Person.

**PLAN SUPPLEMENT**

(a) The Debtor may at any time file a Plan Supplement that explains, enhances, or modifies any provision of this Plan and any Supplement shall be consider part of the Plan as confirmed by the Court provided such Plan Supplement is agreed to by any party affected thereby, is an immaterial modification, improves the treatment of any class of claims, or otherwise does not change the specific treatment of any creditor.

**ARTICLE IX**
**DISCHARGE AND FINAL DECREE**

9.01  Discharge.  The Debtor will receive a discharge as provided in §1141(d)(3) of the Bankruptcy Code.

8

19-51062 - #84  File 11/07/19  Enter 11/07/19 09:28:50  Main Document  Pg 8 of 14

9.02　Final Decree. The Debtor will file a Motion for Final Decree in part for the purpose of terminating the requirement to file monthly Operating Reports and to discontinue paying quarterly fees to the United States Trustee. A Final Decree shall result in the closing of this case.

## ARTICLE X
## TAX PROVISIONS

A. Tax Consequences. Certain federal and state income tax consequences may occur under this Plan. The Debtor was advised, pre-petition, that Debtor Counsel has not and does not provide any advice whatsoever concerning tax matters. The Debtor has accountants who prepare tax returns and render advice concerning tax matters.

## ARTICLE XI
## OTHER PROVISIONS

11.1. Retained Causes of Action (Reserved Claims). The Debtor and, after the Effective Date, the Reorganized Debtor, specifically reserves and shall have the exclusive right to bring, prosecute, waive, release, compromise, and settle as representatives of the Estate all Causes of Action, which are specifically retained under the terms of this Plan. The Reorganized Debtor shall use due diligence in the prosecution of any claims and employ reasonable business judgment. The recovery from all Causes of Action shall become Assets of the Debtor and, after the Effective Date, the Reorganized Debtor in accordance with this Plan. Further, the Debtor shall be entitled to offset such amounts as may be awarded to the Debtor or Reorganized Debtor with respect to such Causes of Action against Distributions due hereunder to the Holder of a Claim, whether Disputed or Allowed. Neither the allowance of a Claim against the Debtor nor the making of Distributions pursuant hereto to a Holder of Claims will bar or limit the right of the Debtor or Reorganized Debtor to bring any Causes of Action held against the Holder of any Claim, even if the Claim that is Allowed or on account of which Distributions are made arises from the same agreement, transactions or occurrence from which the Causes of Action arise. For purposes of Plan implementation, the Reorganized Debtor shall constitute the representative of the estate, fully authorized to prosecute all Causes of Action to final judgment pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. As of the filing of this plan the Debtor knew of some claims or Causes of Action it holds under 11 U.S.C. §§ 547, 548, 550 for avoidance actions therefore it intends to pursue those and has made formal demand on the parties against whom the Debtor has chapter 5 claims. The Debtor may prosecute any claim against anyone. The Debtor may compromise any claim after confirmation without further proceedings, notice, or hearing in the Bankruptcy Court.

Reserved are the Debtor's rights against any vendors of the Debtor against whom there are or may be actions arising under any section of the Bankruptcy Code or state law. Anyone wishing to know what entities against whom the Debtor may have claims under chapter 5 of the Bankruptcy Code may contact Debtor's counsel for that information. No claim of any kind held by the Debtor is being transferred to any entity under this Plan.

The mentioning of claims is illustrative and possibly partial and is not intended to be all

9

inclusive.

The GoMex Matter is one Retained Cause of Action.

11.2. <u>Avoidance Actions</u>. In addition to that stated in section 11.1, any present or potential claims against any party are hereby reserved and may be pursued by the Reorganized Debtor post-petition or post-confirmation, or by any committee or trust formed post-petition as an aid to confirmation, to the fullest extent allowed by law. This reservation includes, but is not limited to any and all claims against any party, any of its/their agents, affiliates, subsidiaries, or such related entities which may have any liability to the Debtor, the Reorganized Debtor, arising out of, related to, or arising under Title 11 of the United States Code, state or federal law, or any other entity whatsoever. These claims or causes of action may include, but are not limited to unfair trade practices, collections of accounts, damages, and equitable subordination under 11 U.S.C. §510 and the jurisprudence decided thereunder.

11.3. <u>Vesting of Assets</u>. On the Effective Date, except as otherwise provided herein, all Assets of the Estate, including all Causes of Action, shall be transferred to, and shall vest in, the Reorganized Debtor, free and clear of all Liens and Claims.

*11.4.  <u>Injunction and continuation of Automatic Stay</u>.*

*The Automatic Stay provided by 11 U.S.C. §362 shall remain in full force and effect until the Final Decree is entered and confirmation shall constitute an order of the Court continuing the stay in effect. This provision is to be considered separate and severable from the provisions providing for any injunctions.*

11.5. <u>Exculpations</u> – The Debtor is entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities in connection with the Bankruptcy Case and under the Plan. As provided in the agreement under which Debtor's counsel was retained, Debtor's counsel does not and has not provided any advice or consultation regarding taxes or any tax matters whatsoever.

11.6. ***<u>Term of Injunction or Stays</u>***. *Unless otherwise provided herein or otherwise ordered by the Bankruptcy Court, all injunctions or stays set forth in 11 U.S.C. 105 and 362 shall remain in full force and effect beyond the Effective Date, rather than the Confirmation Date, and until the Debtor receives Final Decree.*

11.7. <u>Post-Petition receivable.</u> For the purposes of this Plan any proceeds derived from any post-petition litigation constitute a post-petition receivable.

11.8. <u>Extension of Payment Dates.</u> If any Distribution date falls due on any day that is not a Business Day, then such payment date will be extended to the next Business Day.

11.9. <u>Confirmation by Non-Acceptance Method</u>. The Proponent hereby requests confirmation of the Plan pursuant to Bankruptcy Code Section 1129(b) with respect to Impaired Class that does not vote to accept the Plan.

Any Class in which no member casts a vote to accept or reject a plan shall be deemed to have accepted the plan.

11.10. <u>Valuation of Property and **Objection to Claims**</u>. The filing of the Plan constitutes a motion or proceeding under 11 U.S.C. 506(a)(1) and applicable Bankruptcy Rules to determine that any and all Claims purporting to be Secured Claims which are in fact Unsecured Claims. Evidence of any such purported Secured Claim that is recorded in any public registry (like a clerk of court or the Secretary of State) shall be canceled and erased from the public records of any parish in which such evidence of a purported Secured Claim is recorded including any UCC-1 Financing Statements, and any privileges, mortgages, judgments, or security interests allegedly securing such Claims on Property or Assets from the applicable public record or registry. The Reorganized Debtor may by *ex parte* motion filed in this Court obtain an order directing the cancellation and erasure of the evidence of any such security interest, privilege (lien), mortgage, or encumbrance of any type. ANY CREDITOR CLAIMING TO HOLD A SECURED CLAIM SHOULD READ THE TREATMENT OF CLAIMS IN THE CLASS IN WHICH ITS CLAIM IS TREATED. ANY TREATMENT IN THIS PLAN THAT IS DIFFERENT FROM THE PROOF OF CLAIM AS FILED BY ANY CREDITOR SHOULD BE CONSIDERED AN OBJECTION TO THE CLAIM. THE CLAIM WILL BE TREATED AS STATED IN THIS PLAN, NOT AS FILED BY THE CREDITOR.

11.11. <u>Payment of Statutory Fees</u>. All fees payable pursuant to Section 1930 of Title 11 of the United States Code will be paid until the Court enters a Final Decree.

11.12. <u>Disbursement Reports</u>. After confirmation of the Plan, the Debtor will continue to report to the U.S. Trustee before the 15th day of each month the total of all disbursements for the prior calendar month up to the date an order is entered either granting final decree, converting the case to a chapter 7 or dismissing the case. Prior to entry of an order of final decree, the Debtor will report the total disbursements up to the date of the final decree not previously reported.

11.13. <u>Headings.</u> The headings used in the Plan are inserted for convenience only and constitute part neither of the Plan nor in any manner affect the provisions or interpretations of the Plan.

11.14. <u>Enforceability.</u> Should any provision of the Plan be determined to be unenforceable for any reason, such determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

11.15. <u>Exemption from Transfer Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan and related transactions, the creation or assumption of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

11.16. <u>Notices.</u> Any notice, request, or demand required or permitted to be made or provided to or upon the Debtor or the Reorganized Mobile Imaging, Inc. before or after the Effective Date, shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, or (iv) first class mail, and (c) deemed to have been duly given or made when actually delivered or when actually received, addressed as follows:

360 International, Inc.
220 Crip Lane
Duson, LA 70529-4011

with a copy to its counsel:

H. Kent Aguillard
141 S. 6th St.
Eunice, LA 70535

AND

James Doherty
Becker & Hebert
P.O. Drawer 52085
Lafayette, LA 70505

## ARTICLE XII.
## RETENTION OF JURISDICTION

12.1. The Bankruptcy Court will retain jurisdiction of all matters arising out of or related to the Reorganization Case and the Plan as long as necessary for the purposes of Sections 105(a), 1127, 1142(b) and 1144 of the Bankruptcy Code and for, inter alia, the following non-inclusive purposes:

(a) to decide any objections to the allowance, disallowance or subordination of Claims or a controversy as to the classification of Claims;

(b) to decide and fix (i) all Administrative Claims, (ii) Claims arising from the rejection of any executory contracts or unexpired leases, (iii) Liens on any Assets or any proceeds thereof, and (iv) any other fee and expense authorized to be paid or reimbursed under the Bankruptcy Code;

(c) to liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any disputed, contingent or unliquidated Claims;

(d) to adjudicate any matters as may be provided for in the Confirmation Order;

(e) to effectuate Distributions under and enforce the provisions of the Plan;

12

19-51062 - #84  File 11/07/19  Enter 11/07/19 09:28:50  Main Document  Pg 12 of 14

(f) to hear and determine any pending applications, adversary proceedings or contested matter including all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan, and matters concerning state, local and federal taxes according to Sections 346, 505 and 1146 of the Bankruptcy Code;

(g) to amend or to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

(h) to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated;

(i) to consider any modification of the Plan pursuant to Section 1127 of the Bankruptcy Code or modification of the Plan after substantial consummation, as such terms is defined in Section 1101(2) of the Bankruptcy Code;

(j) to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code to the maximum extent of its jurisdiction; and

(k) to enter a final decree closing the Reorganization Case.

ALL ORDERS ENTERED IN THIS CASE WILL SURVIVE CONVERSION TO CHAPTER 7 OR DISMISSAL (IF APPROPRIATE) AND BE EFFECTIVE AND FINAL IF NOT OTHERWISE STAYED OR APPEALED.

## ARTICLE XIII
## EARLY PAYMENT OF CLAIMS

The Debtor may, and shall not be prohibited from, paying any class of claims in full or in part earlier than provided by this Plan.

Dated: November 7, 2019
Submitted by:

360 International, Inc.
By: */s/ Jonathan Mann*
For the Plan Proponent


    AND

H. Kent Aguillard
P.O. Box 391
Eunice, LA 70535
LA Bar Roll No. 2354

337.457.9331(office)
337.457.2317(fax)
*/s/ H. Kent Aguillard*
kent@aguillardlaw.com
*Attorney for 360 International, Inc.*